# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8717 | **DATE** | January 9, 2004 |
| **CASE TITLE** | Mnyofu v. Bd. of Ed. Sch. Dist. 227, *et al.* | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) [4-1] is GRANTED. Plaintiff's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e) [5-1] is DENIED without prejudice. The court dismisses *sua sponte* all claims against the state court judges, DCFS, and all DCFS, OPG and MFCC employees pursuant to 28 U.S.C. § 1915(e)(2). The court also dismisses *sua sponte* the plaintiff's malicious prosecution, "free and appropriate public education," "kidnapping," and criminal conspiracy claims against the remaining defendants pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff may have until January 23, 2004 to file an amended complaint consistent with this opinion. Summonses shall not issue at this time. ENTER MEMORANDUM OPINION.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | *number of notices* | | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 2 2004 | | |
| | Notified counsel by telephone. | | *date docketed* | | |
| | Docketing to mail notices. | | *docketing deputy initials* | | 10 |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | | |
| | courtroom deputy's initials | | *date mailed notice* | | |
| | | Date/time received in central Clerk's Office | *mailing deputy initials* | | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOCKETED
JAN 12 2004

KOMAA MNYOFU, on behalf of himself )
and SHAMARI JONES, a minor,        )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     No. 03 C 8717
                                   )
BOARD OF EDUCATION OF SCHOOL       )
DISTRICT 227, et al.,              )
                                   )
          Defendants.              )

**MEMORANDUM OPINION**

Before the court are plaintiff's motions for leave to proceed *in forma pauperis* and for the appointment of counsel. For the reasons set forth below, plaintiff's *in forma pauperis* motion is granted, and his motion for appointment of counsel is denied.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915(a), we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required court costs and fees. In his affidavit, plaintiff states that he is not currently working. He was last employed on October 2, 2003 as a paralegal, and earned a salary of $2,100 per month. He has received no other income in the past year, he owns no property, and his liquid assets (if any) do not exceed $200. Finally, plaintiff has two daughters whom he lists as dependents.

10

Notwithstanding plaintiff's recent employment, the other factors, taken together (but particularly plaintiff's obligation of supporting his dependents), weigh in favor of finding that he has sufficiently shown an inability to pay court costs.

Our *in forma pauperis* inquiry does not end there, however. Under 28 U.S.C. § 1915(e)(2), we conduct an initial review of plaintiff's complaint and dismiss the action if we determine that it: (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks damages from a defendant who is immune from such relief.[1] Where, as here, we are reviewing a complaint filed *pro se*, we are mindful of our special responsibility to construe its allegations liberally. See Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996).

Upon completing this review, district courts typically grant or deny leave to proceed *in forma pauperis* with respect to the complaint as a whole. That is, if a district court finds even one potentially meritorious claim, it may grant *in forma pauperis* status as to all claims against all defendants. Nonetheless, we may, in our discretion, carve out and dismiss *sua sponte* any portions of the complaint which we find do not satisfy the section 1915(e)(2)(B) criterion. See House v. Belford, 956 F.2d 711, 718-

---

[1] As for the second question (failure to state a claim), we apply the same standard as we would for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).

19 (7th Cir. 1992).

Turning then to the complaint before us, it appears, at least on the face of it, that all of plaintiff's claims are connected in some way (some more loosely than others) to a dispute between him and his ex-wife, Janice Taylor, over the custody of their minor son, Shamari Jones. And, by this suit, plaintiff has asserted claims against seemingly everyone he has come into contact with through the course of this prolonged and ongoing dispute: nineteen individuals, including Cook County Circuit Court judges, Illinois Department of Children and Family Services ("DCFS") investigators and attorneys, Illinois Office of Public Guardian ("OPG") attorneys, Marriage & Family Counseling Center of Cook County ("MFCC") counselors, Rich Central Township High School (Jones' former high school located in Cook County, Illinois) District Board of Education ("school board") employees; Rich Central High School employees (including deans, principals, nurses and social workers), and private attorneys – both plaintiff's own former attorney and those representing Taylor; three institutions, namely, the school board, the DCFS, and Cook County, Illinois; and finally, "other unknown defendants."

Construing the complaint charitably, we glean from it five claims, each brought pursuant to 42 U.S.C. 1983 and asserted against all defendants: (i) a malicious prosecution conspiracy claim for filing false criminal domestic battery charges against

plaintiff (on which plaintiff was ultimately found not guilty), (ii) a Fourteenth Amendment due process conspiracy claim for the deprivation of Jones' "right to a free and appropriate public education" by the transfer of Jones from one high school to another, (iii) a Fourteenth Amendment due process conspiracy claim for deprivation of plaintiff's liberty interest in the upbringing of his child; (iv) a First Amendment retaliation claim for defendants' retaliatory conduct in response to plaintiff's publicly questioning school board policies; and (v) claims for "kidnapping" and conspiracy under 18 U.S.C. 241 and 242 (for conduct roughly mirroring that alleged in the other conspiracy counts). In addition to the section 1983 claims, plaintiff asserts one supplemental jurisdiction state law claim for intentional infliction of emotional distress.

Even though we find it hypothetically possible (even if improbable) for plaintiff to prove facts entitling him to relief on at least one of his claims (and that is all a granting of *in forma pauperis* status requires), we will not allow plaintiff to proceed *in forma pauperis* on his *entire* complaint. See Aiello v. Kingston, 947 F.2d 834, 836 (7th Cir. 1991) ("If the district court carves out of a case a claim that is frivolous or malicious, the choice between doing so before or after allowing the plaintiff to proceed *in forma pauperis* does not call for reversal."). For, in cases such as this, where many of the proffered claims suffer from

obvious and fatal defects, we will attempt to spare prospective defendants the inconvenience and expense of responding to such claims that have no prospect of success.

First, it is clear that many of the defendants named in this action are immune from suit. Judges are entitled to absolute immunity from section 1983 suits involving actions taken in their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 359 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356 (citation omitted). Because plaintiff's allegations are limited to acts performed by judges in their judicial capacities, i.e., adverse rulings, the judges are immune.

Absolute immunity is likewise applicable to all defendants named from the DCFS, OPG and MFCC offices. Government agency officials performing functions analogous to those of a prosecutor are entitled to immunity with respect to those functions, including child service workers who initiate and prosecute proceedings for protective orders. See Potts v. O'Malley, 1995 WL 745960, at *3 (N.D.Ill. Dec. 1, 1995). Since the allegations against these agency personnel are limited to conduct taken as part of their investigative roles or incident to judicial proceedings, the challenged conduct falls within the scope of their prosecutorial

-6-

immunities.

In addition to immunities, the jurisdictional limitations
of section 1983 itself require a further scaling back of
plaintiff's complaint. Generally, in order to violate section
1983, the defendant must be a state actor. See Fries v. Helsper,
146 F.3d 452, 457 (7th Cir. 1998). Neither Taylor nor any of the
private attorneys named as defendants – Allan Feingold, Sandra
Crawford and Ronald Samuels – are state actors. Section 1983
liability may be established against private actors, but only if a
plaintiff can show a conspiracy between them and persons who are
state actors. See Briscoe v. LaHue, 460 U.S. 325, 330 (1983). To
demonstrate a section 1983 conspiracy, a plaintiff must prove that:
"(1) a state official and private individual(s) reached an
understanding to deprive the plaintiff of his constitutional
rights, . . . and (2) those individual(s) were willful participants
in joint activity with the State or its agents." Fries, 146 F.3d
at 457 (citations and internal quotations omitted).

Although plaintiff does make allegations of a conspiracy,
those averments amount to nothing more than inserting "conspired
to" before verbs describing defendants' conduct. Absent any
factual allegations necessary to find the existence of a
conspiracy, plaintiff's allegations are merely unsupported legal
conclusions. And while we must accept as true all of plaintiff's
factual allegations, the same does not hold true for conclusions of

law. Thus, because Taylor, Feingold, Crawford and Samuels are not state actors, and because plaintiff has not met his burden of pleading a section 1983 conspiracy, all claims against these defendants are dismissed.

In addition to immune and improper defendants, the complaint is larded with *claims* that are easily rejected. First, plaintiff may not maintain a section 1983 claim for malicious prosecution because of the availability of a parallel state-law remedy. Put simply, the existence of a tort of malicious prosecution in Illinois "knocks out" any constitutional tort under due process for the same conduct. See Newsome v. McCabe, 256 F.3d 741, 751 (7th Cir. 2001). Second, plaintiff's claim that the removal of Jones from Rich Central High School to Thornton Fractional North High School (another high school in Cook County, Illinois) violated his and Jones's Fourteenth Amendment due process rights is not tenable. While Illinois law guarantees a free and appropriate public education generally, plaintiffs have no constitutionally cognizable property or liberty interest in attending the individual school of plaintiff's or Jones's choice. If defendants had denied Jones access to any free public education, that would be a different matter. But, without a constitutionally recognized property or liberty interest, there is no need for further inquiry on the due process question. See, e.g., Paul v. Davis, 424 U.S. 693, 711-12 (1976). Finally, plaintiffs' actions for "kidnapping" and

conspiracy pursuant to 18 U.S.C. 241 and 242 are claims sounding in criminal law and are not properly before this court in a civil proceeding.

This leaves us then with three claims - a Fourteenth Amendment due process conspiracy claim for deprivation of plaintiff's liberty interest in the upbringing of his child, a First Amendment retaliation claim for defendants' retaliatory conduct in response to plaintiff's publicly questioning school board policies, and an intentional infliction of emotional distress claim under Illinois law - against nine parties, Cook County, the school board, the school board employees, and the Rich Central High School employees. We emphasize that by allowing plaintiff to proceed *in forma pauperis* on these claims, we intend no comment on their ultimate viability, or even whether they would survive a motion to dismiss. We simply believe that an evaluation of these facially colorable claims would be premature absent the benefit of responsive pleadings.

We turn now to plaintiff's motion for appointment of counsel. Civil litigants have no constitutional or statutory right to be represented by counsel in federal court. See <u>Forbes v. Edgar</u>, 112 F.3d 262, 264 (7th Cir. 1997). District courts may, in their discretion, appoint counsel pursuant to 28 U.S.C. § 1915(e). In evaluating a litigant's request for counsel, there is a threshold requirement that he make a reasonable effort to secure

counsel before presenting a request for appointment.  See Jackson
v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir. 1992).
Having shown unsuccessful attempts to retain counsel from at least
four public legal aid clinics, plaintiff has met his burden on this
front.  Next, we ask: given the difficulty of the case, does the
plaintiff appear competent to try the case himself and, if not,
would appointment of counsel make any difference to the outcome?
See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).  At this
early stage, we cannot say that plaintiff has shown a potentially
meritorious claim.  We therefore deny plaintiff's motion for
appointment of counsel without prejudice to renewal following
defendants' filing of responsive pleadings so the court can then
make a proper determination whether appointed counsel is necessary.

### CONCLUSION

The court grants plaintiff's motion for leave to proceed *in
forma pauperis* pursuant to 28 U.S.C. § 1915(a).  The court
dismisses *sua sponte* all claims against the state court judges,
DCFS, and all DCFS, OPG and MFCC employees pursuant to 28 U.S.C. §
1915(e)(2).  The court also dismisses *sua sponte* the plaintiff's
malicious prosecution, "free and appropriate public education,"
"kidnapping," and criminal conspiracy claims against the remaining
defendants, again pursuant to 28 U.S.C. § 1915(e)(2).  The court
denies plaintiff's motion for appointment of counsel without
prejudice.  Plaintiff may have until January 23, 2004 to file an
amended complaint consistent with this opinion.

DATE:    January 9, 2004

ENTER:   _____

John F. Grady, United States District Judge