Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8717 | DATE | January 20, 2004 |
| CASE TITLE | MNYOFU v. Board of Education of School District 227 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's petition for removal [7-1] is denied for lack of subject matter jurisdiction. See attached for details. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | | 11 |
| | Notified counsel by telephone. | | 1-21-04 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to | | | |
| | | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |

(Reserved for use by the Court)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KOMAA MNYOFU, on behalf of himself )
and SHAMARI JONES, a minor, )
)
    Plaintiff, )
)
v. ) No. 03 C 8717
)
BOARD OF EDUCATION OF SCHOOL )
DISTRICT 227, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

    Komaa Mnyofu, *pro se* plaintiff in this recently-filed 42 U.S.C. § 1983 suit, has filed, in this same action, a petition to remove to federal court his domestic relations case now pending in the Circuit Court of Cook County, Illinois. Mnyofu's petition fails for a litany of reasons, both procedural and jurisdictional.

    We begin with the procedural deficiencies and are guided, for the most part, by the requirements set forth in 28 U.S.C. § 1446. First, Mnyofu's petition for removal should not have been filed in this case. Instead, the petition should have been filed as a separate action altogether, akin to the filing of a new complaint. Second, a proper petition will contain "a short and plain statement of the grounds for removal," and have attached copies of all pleadings from the state court case (see 28 U.S.C. § 1446(a)); Mnyofu's petition satisfies the former requirement, but

not the latter.[1] Finally, it appears highly unlikely that the petition was filed within thirty days of when the case purportedly became removable, as required under section 1446(b).

These defects, standing alone, might not have been fatal to Mnyofu's petition because failing to file a removal petition as a separate action or neglecting to attach the state court record are both procedural deficiencies that ordinarily may be corrected to avoid remand (see 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure, §§ 3733-34 (3d ed. 1998)), and as for the timeliness issue, that would be considered only if raised by an adverse party. See 28 U.S.C. § 1447(c); In re Continental Casualty Co., 29 F.3d 292, 294-95 (7th Cir. 1994). But we need not pursue these questions any further, because even if the petition were not procedurally flawed, there is no basis for removal jurisdiction.

The party seeking removal bears the burden of establishing the jurisdiction of the federal district court. See Wellness Community-National v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995). Mnyofu asserts two bases for removal: federal question removal jurisdiction pursuant to 28 U.S.C. § 1441(a) and civil

---

[1] In addition to filing a proper petition for removal with the clerk of this court, to effect a removal, a petitioner must file a copy of the petition with the clerk of the state court, and provide prompt written notice to all adverse parties. See 28 U.S.C. § 1446(a) & (d). (Although Mnyofu states that he provided notice to the state court plaintiff, we do not know whether the petition was filed with the state court clerk.)

rights removal jurisdiction under 28 U.S.C. § 1443(1). Mnyofu also cites 28 U.S.C. § 1446, but that section deals only with procedures for removal and does not provide an independent ground for removal jurisdiction.

Section 1441(a) permits a defendant in a civil action brought in state court to remove the case to a federal district court which would have had original jurisdiction over the case, by virtue of either diversity of citizenship or the presence of a federal question. See 28 U.S.C. §§ 1331, 1332. Mnyofu does not allege, nor do we find, diversity of citizenship between the parties to the state court case. Therefore, for Mnyofu to invoke this court's removal jurisdiction under section 1441(a), the state case must present a federal question; that is, it must arise "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The case plainly does not. It concerns a dispute over child custody, a pure domestic relations issue, and is therefore unarguably beyond the ambit of this court's federal question jurisdiction. See Ankenbrandt v. Richards, 504 U.S. 689, 703-04, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) ("[T]he absence of statutory jurisdiction for federal court adjudication of original civil actions for divorce, alimony, and child custody. . . . [is] supported by sound policy considerations. . . . [S]tate courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government

organizations dedicated to handling [those] issues."); In re Burrus, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Thus, because this court would not have had original jurisdiction over the state court case, section 1441(a) does not apply.

Section 1443(1) permits removal of a state court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States. . . ." "Equal civil rights," as used in this section, is limited to specific rights of racial equality, and does not contemplate the whole gamut of constitutional rights. See State of Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); State of Wisconsin v. Glick, 782 F.2d 670, 672 (7th Cir. 1986). To remove a case under this section, then, it must appear that: (i) the right allegedly denied arises under federal law providing for specific "civil rights stated in terms of racial equality," and (ii) the petitioner is denied or cannot enforce the specified federal right in the state courts. See Johnson v. Mississippi, 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (quoting Rachel, 384 U.S. at 792).

Mnyofu's petition fails both prongs of the Johnson test.

As to the first prong, Mnyofu has not identified a single federal right that he has been "denied or cannot enforce" in state court. See id. Instead, he makes only a general claim of racial discrimination, and offers in support the facially innocuous fact that the state court judge has ruled against him on child custody issues, and that he is black and the state court plaintiff is white.

But even if there were something more to Mnyofu's allegations, *and* those allegations constituted a deprivation of a right protected by a specific civil rights statute, Mnyofu's petition could not get around the second prong. Simply, Mnyofu cannot now claim that he is "denied or cannot enforce" a right cognizable under section 1443(1) when there are state court remedies yet available to him. And, absent any allegations to suggest that an appeal to the state courts would somehow be ineffective to vindicate Mnyofu's rights, the existence of such remedies forecloses any possibility of relief in this court. See City of Greenwood, v. Peacock, 384 U.S. 808, 828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) ("The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied. . .

."); Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1996) ("[L]itigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court.").

Accordingly, because this court does not have subject matter jurisdiction pursuant to section 1441(a) or section 1443(1) (or, for that matter, any other section of Title 28 providing a basis for removal (see 28 U.S.C. §§ 1441-1444)), removal is improper.

One technical matter remains. As discussed above, not all of the procedural prerequisites to removal were met in this case. Thus, the state case was never effectively removed to this court, and without a removal, there is no need for a remand. See, e.g., Glagola v. Glagola, 2003 WL 21878730, at *4 (N.D. Ill. Aug. 8, 2003). Instead, we simply, and hereby, deny Mnyofu's petition for removal for lack of subject matter jurisdiction.

DATE: January 20, 2004

ENTER: _____
John F. Grady, United States District Judge